# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN DWAINE FRIEND, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-1215 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Bissoon |
| RICHARD NARVIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

Alan Dwaine Friend is a state prisoner convicted of Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault, Aggravated Sexual Assault, Indecent Assault and Corruption of Minors in the Court of Common Pleas of Fayette County. He was sentenced to 8 ½ to 20 years imprisonment on February 12, 2003. Friend filed a direct appeal, and the Superior Court of Pennsylvania affirmed the judgment of sentence on December 3, 2003. Friend did not seek review in the Supreme Court of Pennsylvania.

Friend next filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541, *et seq.*, on December 2, 2004. Relief was denied by the trial court, and the Superior Court of Pennsylvania affirmed on August 7, 2007. Friend then sought review in the Supreme Court of Pennsylvania, and his request was denied on December 20, 2007. A subsequent petition seeking review in the Supreme Court of the United States was denied on May 27, 2008. Friend filed the instant Petition for Writ of Habeas Corpus on September 2, 2008.

Habeas corpus petitions challenging state sentences under 28 U.S.C. § 2254 are subject to the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, April 24, 1996, ("AEDPA"), codified at 28 U.S.C.

§2244(d). The court must first determine the date direct review concluded and the judgment became "final" in order to determine if the Petition is timely. 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for collateral relief tolled the limitations period. 28 U.S.C. § 2244(d)(2). Finally, the court must determine whether another statutory exception or equitable tolling is applicable.

Friend's conviction became final 30 days after the Superior Court of Pennsylvania issued its opinion denying his direct appeal, because that is when his right to seek review in the Supreme Court of Pennsylvania expired. Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Thus, Friend's conviction became final on January 3, 2004. This Petition was not filed until more than 4 ½ years later, making it untimely.

Friend is, however, entitled to tolling of the limitations period during the time that his state court PCRA petition was pending. See 28 U.S.C. § 2244(d)(2). Tolling is appropriate from the time the PCRA petition was filed, December 2, 2004, through May 27, 2008, when his last attempt to seek appellate review was denied. See, Swartz, 204 F.3d at 420 (the time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought).

Therefore, the limitations period first began to run on January 4, 2004, and ran until tolling began on December 2, 2004, a period of 333 days. Tolling continued until, at the latest, May 27, 2008. The instant Petition is dated August 27, 2008. Therefore, a period of 92 additional days expired between the time Friend's state court PCRA petition was no longer

pending, and the time that he filed the instant Petition. All told, 425 days of countable time elapsed in this matter, and this Petition is untimely.

Further, nothing in the record indicates that Friend is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, Friend he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through due diligence. See 28 U.S.C. § 2254(d)(1)(C-D). Finally, nothing in this record indicates that the doctrine of equitable tolling is applicable here[1].

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See 28 U.S.C. §2254(c)(2). Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473 (2000). Applying this standard here, the Court concludes that jurists of reason would not find it debatable that Friend's Petition is untimely. Accordingly, a certificate of appealability will be denied.

---

[1] The one-year limitation period set forth in § 2244(d) is a statute of limitations, not a jurisdictional bar, and it may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Friend's control that account for his failure to have filed his Petition in a timely manner.

AND NOW, this 22nd day of May, 2009,

IT IS HEREBY ORDERED that Alan Dwaine Friend's Petition for Writ of Habeas Corpus is DISMISSED and a certificate of appealability is DENIED.

                                            s/Cathy Bissoon
                                            Cathy Bissoon
                                            United States Magistrate Judge

Cc:
**ALAN DWAINE FRIEND, SR.**
FG2683
SCI Waymart
PO Box 256
Waymart, PA 18472